UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
: 
JOHN LANGSTON, : CASE NO. 1:18-CV-01265
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
CLIFFORD PINKNEY, *et al.*, :
:
    Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff John Langston filed this action against Cuyahoga County Sheriff Clifford Pinkney, Cuyahoga County Jail Director of Corrections Kenneth Mills, Cuyahoga County Prosecuting Attorney Michael C. O'Malley, and Cleveland Second District Police Detective John Doe. In the Complaint, Plaintiff alleges he is awaiting trial on charges of aggravated robbery when he is, in fact, the victim and not the perpetrator of the crime. He claims Defendants have not done a thorough job of investigating the incident and asserts claims for malicious prosecution, excessive bond, and denial of due process. He seeks dismissal of the charges and monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I. Background**

Plaintiff states his bicycle was stolen on July 6, 2017. He witnessed the theft but was unable to catch the perpetrator on foot. He contends he spotted the thief the next day and

confronted him, telling him to go and get his bicycle.  The man returned a few minutes later with a Cleveland police officer.  The officer took the statements of both parties and left.  Later that evening, Plaintiff saw the man at a local store.  He contends the man attacked him with a brick.  He alleges the attack stopped only when two females rushed to his aide.  He indicates he was hospitalized for head injuries.  Approximately a month after the assault, he learned there was a warrant for his arrest.  He states he turned himself in believing the matter would be resolved quickly.  Instead, his bond was set at $ 50,000 and he remains detained in jail awaiting trial on charges of aggravated robbery.  He claims Cleveland Police and Cuyahoga County prosecutors did not do an adequate investigation, and asserts claims for malicious prosecution, excessive bond and denial of due process.

## II.  Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2]  A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3]  This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4]  A

---

[1]  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2]  *Neitzke*, 490 U.S. at 327.
[3]  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4]  *Id.* at 678.

2

Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

### III. Analysis

This Court cannot entertain Plaintiff's challenge to his pending state court criminal action. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.[7] When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.[8] If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.[9] Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.[10] Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state."[11]

All three factors supporting abstention are present. Plaintiff admits that the criminal action against him is still pending and this Court acknowledges that state court criminal matters

---

[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).
[7] *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).
[8] *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988).
[9] *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).
[10] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).
[11] *Younger*, 401 U.S. at 44.

3

are of paramount state interest.[12] The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims.[13] The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims.[14] When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary."[15] Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[16]

IT IS SO ORDERED.

Dated: September 25, 2018          *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[12]    *See Younger*, 401 U.S. at 44-45.
[13]    *Moore v. Sims*, 442 U.S. 415, 430 (1979).
[14]    *Pennzoil Co*., 481 U.S. at 14.
[15]    *Id*. at 15.
[16]    28 U.S.C. § 1915(a)(3) provides:

      An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.